JOURNAL ENTRY AND OPINION
{¶ 1} Earl Shields appeals his classification as a sexual predator. After a thorough review of the arguments and for reasons set forth below, we affirm.
 {¶ 2} The incident that gave rise to the charges against the appellant, and his eventual classification as a sexual predator, occurred on July 31, 1990. On that evening, the victim, C.S.,[1] was talking with another young woman as she walked to a local convenience store. The woman expressed concern that C.S. was walking alone and offered to accompany her. As the two women walked to the store, the woman who was accompanying C.S. stopped to talk to the appellant. C.S. expressed to the woman that she would just continue to walk alone; however, the woman asked C.S. to wait, stating that her conversation would only take a minute. The woman then crossed the street and approached a van to talk to the appellant. The woman then returned to C.S., and suddenly C.S. felt that someone was grabbing her. During grand jury proceedings, C.S. identified the appellant as the individual that had grabbed her. Once the appellant grabbed C.S., he began to hit her in the face and yell obscenities at her. She was pulled into the van where the appellant and two other men beat her, threatened her with a gun and vaginally raped her. The three men then took her to an apartment where they continued to rape her throughout the night. After being the night. After being held captive and repeatedly raped for an entire evening, the three men released her the following morning.
 {¶ 3} On February 14, 1991, the Cuyahoga County Grand Jury returned an eight-count indictment against the appellant. On March 7, 1991, the appellant pleaded not guilty to the entire indictment; however, on September 11, 1991, he entered into a plea agreement with the state. After the plea agreement was reached and the indictment was amended, the appellant pleaded guilty to attempted rape and robbery. On October 8, 1991, the appellant filed a motion to withdraw his guilty plea. On October 15, 1991, a capias was issued for the appellant when he failed to appear for a scheduled court date, and on November 26, 1991, pursuant to the capias, the appellant was arrested.
 {¶ 4} On December 19, 1991, a sentencing hearing was held and, at the conclusion of the hearing, the appellant was ordered to serve a term of incarceration of four to fifteen years. The trial court never ruled on the appellant's presentence motion to withdraw his guilty plea. On August 13, 1992, the appellant filed a motion for shock probation, which was denied. On September 16, 2000, the appellant filed a second motion to withdraw his guilty plea; however, the trial court denied the appellant's motion. Thereafter, the appellant sought an appeal, but the trial court denied the appellant's request for appointed counsel, and his appeal was dismissed on May 23, 2001. On April 19, 2004, three years after his appeal was dismissed, appellant filed an application for DNA testing; however, the trial court denied the application.
 {¶ 5} On March 26, 2004, appellant was paroled from Ross Correctional Facility after serving the entire fifteen years of his 1991 sentence. On June 4, 2004, several months after the appellant's release, the state filed a request for a sexual adjudication hearing. The hearing was scheduled for July 12, 2004, and the appellant was appointed counsel. The hearing was ultimately held on September 28, 2004 and November 18, 2004. At the conclusion of the hearing, the trial court classified the appellant as a sexual predator.
 {¶ 6} The appellant brings this appeal and asserts four assignments of error for our review.
 {¶ 7} "I. The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 8} The appellant argues that the trial court did not present sufficient evidence to establish that he is likely to engage in future sexually oriented offenses. He specifically argues that he is unlikely to reoffend, according to his psychiatric report; therefore, his status as a sexual predator should be reversed.
 {¶ 9} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins (1997),78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient probative evidence to support the trial court's determination. Id.
 {¶ 10} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including but not limited to: the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether offender has completed a previous sentence, whether offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2). After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3).
 {¶ 11} In order for the trial court to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser (June 26, 2003), 153 Ohio App.3d 144, citing State v. Ward (1999),130 Ohio App.3d 551, 560.
 {¶ 12} In making the classification, the court may consider statistical studies and diagnostic tests to determine the risk of reoffending and is "free to give due deference to the statistical likelihood of the appellant reoffending notwithstanding the standardized testing that indicated he was a low risk to reoffend." Purser, supra.
 {¶ 13} The likelihood to commit a sexual offense in the future must be shown by clear and convincing evidence. This standard requires "more than a preponderance of evidence, but not to the extent and certainty as is required beyond a reasonable doubt in criminal cases." State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954) 161 Ohio St. 469. The evidence must be enough to support a firm belief or conviction.
 {¶ 14} R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 {¶ 15} "* * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *"
 {¶ 16} R.C. 2950.09(B)(2) provides in relevant part:
 {¶ 17} "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 18} "(a) The offender's age;
 {¶ 19} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 20} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 21} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 22} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 23} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or mental disability of the offender;
 {¶ 25} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 28} Furthermore, R.C. 2950.09(B)(3) states:
 {¶ 29} "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
 {¶ 30} When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C. 2950.09(B)(2), in making its findings. See State v. Cook (1998), 83 Ohio St. 3d 404,700 N.E.2d 570.
 {¶ 31} Here the appellant argues that the prosecution did not present clear and convincing evidence to support the trial court's determination that he is a sexual predator. We do not agree with the appellant's contentions. According to the information provided at the sexual predator classification hearing, as well as the record and pertinent case law, it is clear that the prosecution provided sufficient evidence to support the appellant's classification as a sexual predator. During the appellant's sexual predator classification hearing, the victim testified that the appellant was the individual that beat and repeatedly raped her, and she positively identified the appellant.
 {¶ 32} When making its decision, the trial court evaluated all of the relevant considerations outlined in R.C. 2950.09(B). The trial court considered factors such as the appellant's failure to complete sexual offender training because the training required an admission of guilt and the appellant maintains his innocense, as well as the appellant's STATIC-99 score of 5, placing him in the moderate to high risk category for sexual recidivism. In addition, the trial court considered the appellant's past criminal history of two prior convictions. The trial court also considered the fact the fact that the victim was beaten and repeatedly raped by three men for an extended time period.
 {¶ 33} It is clear that the trial court considered all of the relevant factors and properly found that the appellant was a sexual predator. Thus, the appellant's first assignment of error is without merit.
 {¶ 34} "II. The trial court erred in failing to make a finding regarding the appellant's status as a potential habitual sexual offender."
 {¶ 35} Addressing the substantive issue on appeal here, the appellant argues that the trial court erred in failing to determine whether he should be classified as a habitual sexual offender pursuant to R.C. 2950.09(E); however, the applicable statute in this case is R.C. 2950.09(C). R.C. 2950.09(C)(2) states:
 {¶ 36} "The court shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing has been conducted.
 {¶ 37} "If a determination is made in the affirmative, then the court must proceed to classify the offender as a habitual sex offender and follow the requirements of R.C. 2950.09(C)(2)(c)(ii)." State v. Plumero, Cuyahoga App. No. 85146, 2005 Ohio 2833.
 {¶ 38} This court has recently determined that with the paramount governmental interest in protecting the public from repeat offenders, logic would dictate that an offender who has committed a previous offense, prior to the classification hearing, should be classified as a habitual sex offender.
 {¶ 39} R.C. 2950.09(C)(2) mandates that the trial court make a habitual sexual offender determination when a defendant has previously been convicted of a sexually oriented offense. In this case, the trial court evaluated the appellant's criminal history and discovered that none of the appellant's previous criminal convictions were sexually oriented. Accordingly, there was no need for the trial court to determine whether the appellant was a habitual sexual offender. In accordance with the rule, a trial court does not determine whether a defendant has the potential to become a habitual sexual offender, but rather it evaluates whether an individual can be classified as a habitual sexual offender. It is clear from the appellant's criminal history that he does not satisfy the classification's requirements. Thus, the trial court was not in error when it failed to make a finding regarding the appellant's status as a potential habitual sexual offender, and the appellant's second assignment of error is without merit.
 {¶ 40} "III. The trial court erred in finding the appellant to be a sexual predator where the court did not have a recommendation from the department of rehabilitation and correction as required by by R.C. 2950.09."
 {¶ 41} Here the appellant asserts that a recommendation from the Department of Rehabilitation and Corrections is necessary for a sexual predator hearing to occur, pursuant to R.C. 2950.09. The appellant argues that because the actual recommendation was missing from his file, his classification as a sexual predator was in error.
 {¶ 42} We note that the appellant waived any argument regarding the Department of Rehabilitation and Correction's request that a sexual predator hearing take place when he failed to object to any alleged error in the department's recommendation that the trial court hold a sexual predator hearing. Therefore, in the absence of objection, any error is deemed to have been waived unless it constitutes plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon, (1995),102 Ohio App.3d 758, 767, 658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v. Waddell (1996),75 Ohio St.3d 163, 166, 661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v.Phillips (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643.
 {¶ 43} The appellant argues that the sexual predator determination was made prematurely, and the case must be remanded pending a recommendation from the Ohio Department of Rehabilitation and Correction. We do not agree with the appellant's arguments. No evidence exists indicating that the outcome of the case would have differed had an actual copy of the recommendation appeared in the appellant's file. There was more than sufficient evidence presented at the hearing to support the trial court's determination. The trial court entered into a lengthy evaluation of the appellant's past criminal history, the nature of the present crime, as well as other pertinent factors, before it classified the appellant as a sexual predator. Thus, under the circumstances, the appellant cannot assert the argument that the outcome would have been different had the actual recommendation appeared in his file. The failure to include the recommendation after an adequate waiver on the record does not rise to the level of plain error.
 {¶ 44} In addition, the violent nature of the appellant's sex offense statutorily subjected the appellant to a sexual predator hearing, regardless of the Department of Rehabilitation and Correction's recommendation. R.C. 2950.09(C)(1)(a), the statute that governs violent sexual offenses provides:
 {¶ 45} "If the sexually oriented offense was an offense described in (D)(1)(C) of section 2950.01 of the revised code or was a violent sex offense, the department shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual predator."
 {¶ 46} According to the statute, the trial court would have held a sexual predator hearing irrespective of the Department's recommendation. The victim was grabbed, beaten, threatened with a gun and repeatedly raped over an entire evening. The crime perpetrated upon the victim was clearly a violent sex offense, subjecting the appellant to a mandatory sexual predator hearing, with or without a recommendation from the Department of Rehabilitation and Correction. Accordingly, we find that the trial court's omission did not constitute plain error, and the appellant's third assignment of error is without merit.
 {¶ 47} "IV. R.C. 2950.01 et seq. violates the United States Constitution and the Ohio Constitution, as 2950.01 et seq. is punitive in nature and does not provide for the safeguards attendant to criminal matters."
 {¶ 48} Here the appellant argues that R.C. 2950.01 violates the United States Constitution and the Ohio Constitution. More specifically, he asserts that R.C. 2950.01 is punitive in nature and does not provide the appellant an opportunity to change his status as a sexual predator.
 {¶ 49} This court finds that this assignment of error is without merit. Statutes enjoy a strong presumption of constitutionality. "An enactment of the general assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, 128 N.E.2d 59. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147. "That presumption of validity of such legislative enactment cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the constitution." Xeniav. Schmidt (1920), 101 Ohio St. 437, 130 N.E. 24; State ex rel.Durbin v. Smith (1921), 102 Ohio St. 591, 133 N.E. 457, 19 Ohio L.Rep. 154; Dickman v. Defenbacher (1955), 164 Ohio St. 142,147.
 {¶ 50} Not only has this court and the Ohio Supreme Court addressed this issue, but the United States Supreme court recently decided that these types of sexual offender registration laws are not punitive in nature.
 {¶ 51} It is clear from the pertinent case law of the United States Supreme Court, the Ohio Supreme Court, as well as the this court that the laws governing sexual predator registration are not punitive and do not violate the United States Constitution or the Ohio Constitution. Because the current sexual predator classification laws are an enactment of the legislature, they are presumed constitutional absent a court's findings that the legislation and constitution are clearly in conflict. This court finds that the current sexual predator classification laws are in accordance with the Ohio Constitution, as well as the United States Constitution. Thus, the appellant's fourth assignment of error is without merit, and we affirm the holding of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., concurs in judgment only;
 Gallagher, J., concurs in judgment only.
[1] Pursuant to this court's established policy, the identity of the victim is shielded; therefore, she is referred to only by her initials.