JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Chad Forbes appeals the trial court's decision to classify him as a sexual predator. He assigns the following error for our review:
"I. The evidence is insufficient to sustain a finding that theappellant is a sexual predator and the Court's finding wasagainst the manifest weight of the evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Forbes' sexual predator classification. The apposite facts follow.
 {¶ 3} On January 20, 2005, the Cuyahoga County Grand Jury indicted Forbes on two counts of rape, with life specifications attached, two counts of kidnaping, with a sexual motivation specification attached, one count of gross sexual imposition, one count of tampering with evidence, and thirty-seven counts of pandering sexually-oriented material involving a minor. Forbes pled not guilty at his arraignment; thereafter, several pre-trials were conducted.
 {¶ 4} On September 13, 2005, pursuant to a plea agreement with the State of Ohio, Forbes pleaded guilty to one count of rape involving his two-year-old daughter and eight counts of pandering sexually-oriented material involving a minor. The trial court referred the matter for the compilation of a pre-sentence investigation report and ordered a psychiatric evaluation to determine Forbes' proper sexual classification pursuant to R.C.2950.09.
 {¶ 5} On November 9, 2005, a sexual predator hearing was conducted. Based on the evidence presented at the hearing, the trial court classified Forbes as a sexual predator.
 Sexual Predator Classification {¶ 6} In his sole assigned error, Forbes argues the trial court erred by classifying him as a sexual predator. We disagree.
 {¶ 7} The Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses."[1]
 {¶ 8} The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[2] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."[3]
 {¶ 9} In State v. Hills[4] we explained our standard of review of a sexual predator classification as follows:
"[T]his court's role is to determine whether the weight of theevidence supports the trial court's decision. State v. Cook,supra, 83 Ohio St.3d at 426; State v. Childs,142 Ohio App.3d 389, 755 N.E.2d 958 (Apr. 19, 2001). Decisions that aresupported by competent, credible evidence will not be reversed bya reviewing court as being against the manifest weight of theevidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273; State v. Cook, supra, 83 Ohio St.3d 404;State v. Steele, supra, 2000 Ohio App. LEXIS 4046. Moreover,this court must be mindful that the weight to be given theevidence and the credibility of the witnesses are mattersprimarily for the trier of fact. State v. DeHass (1967), 10Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, syllabus 1.
 {¶ 10} R.C. 2950.09(B)(3) provides the factors a trial court is to consider in making a classification determination. Although many of the factors set forth "involve what may be considered old conviction data which may be found in the court's file," the list is not designed to be exclusive.[5] Rather, the trial court "shall consider all relevant factors."[6]
 {¶ 11} At the sexual classification hearing, the State outlined the facts of the underlying case which led to Forbes' conviction. The State indicated that on February 11, 2004, when Forbes' wife, Dana, walked into their kitchen, she observed Forbes' erect penis in the mouth of their then two-year-old daughter. Upon being confronted, Forbes became very upset, began crying, promised never to do that again, and explained to his wife that their daughter was curious about his penis so he allowed her to place it in her mouth.
 {¶ 12} The State also indicated that on November 22, 2005, Forbes' daughter told her mother that "daddy pee pee in my mouth." Over the course of the next few days, Forbes' wife talked with several family members and friends about what she observed in February 2004, and what her daughter had recently told her. One of the family members confronted Forbes, who confirmed what had happened, but insisted that it was an oversimplification on the part of his wife. When the family member suggested that Forbes turn himself into the police, Forbes became very angry and opined that his daughter would not remember the incident because of her young age.
 {¶ 13} The State further indicated that on November 29, 2005, when Forbes learned that his wife was going to report him to the police, he deleted child pornography from his home computer. However, a forensic examination of Forbes' computer uncovered numerous images of child pornography. Many of these images displayed very young children posing in various states of nudity and engaging in sexual activity with adults.
 {¶ 14} In the instant case, the trial court relied on several of the R.C. 2950.09(B)(3) factors in labeling Forbes a sexual predator, including the facts and circumstances of the offense as described above. Additionally, the trial court considered that Forbes was thirty-three years old at the time of the offense, the victim was two-years old, and the victim was Forbes' biological daughter. The trial court further considered that Forbes viewed child pornography in his home.
 {¶ 15} However, Forbes contends that his score on the Static-99 test was in the low risk category, which equated to an actuarially-determined recidivism rate of 6% in five years, 7% in ten years and 7% in fifteen years, thus recidivism was unlikely. It should be noted that in sexual offense cases, casting recidivism potential in terms of a "percent" of re-offending is misleading; it may imply the risk that the perpetrator will re-offend is not "likely," as set forth in the statutory definition of a sexual predator.[7] The test under which the court must weigh the evidence, however, is whether it is "clear and convincing," thus instilling in the court a "firm belief" that the potential exists.[8]
 {¶ 16} The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to the defendant in order to conclude the defendant is a sexual predator.[9]
 {¶ 17} From all of the foregoing, we conclude that there is sufficient evidence to clearly and convincingly demonstrate that Forbes is likely to engage in the future in one or more sexually-oriented offenses. We, therefore, hold the trial court did not err in concluding that Forbes is a sexual predator and subject to the requirements of R.C. Chapter 2950. Accordingly, we overrule Forbes' sole assigned error.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Mary Eileen Kilbane, J., concur.
[1] R.C. 2950.01(E); State v. Winchester (2001),145 Ohio App.3d 92.
[2] State v. Eppinger (2001), 91 Ohio St.3d 158.
[3] Id., citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
[4] Cuyahoga App. No. 78546, 2002-Ohio-497.
[5] State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247.
[6] R.C. 2950.09(B)(3).
[7] State v. Lopez, Cuyahoga App. No. 85306, 2005-Ohio-3711.
[8] See, State v. Eppinger, supra.
[9] State v. Fugate (Feb. 2, 1998), 12th Dist. No. CA97-03-065.