JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Donald Hardges appeals from the judgment of the Cuyahoga County Court of Common Pleas that found him to be a sexual predator. For the reasons stated herein, we affirm.
 {¶ 2} In 1994, Hardges pled guilty to a charge of attempted rape under R.C. 2907.02/R.C.2923.02, with an aggravated felony specification. Hardges was sentenced to a term of incarceration of eight to fifteen years. On November 30, 2005, the state filed a request for the court to schedule a sexual predator adjudication hearing under R.C. 2950.09(C), in which the state indicated that Hardges was scheduled to be paroled on December 5, 2005. Hardges was referred to the court psychiatric clinic for a House Bill 180 evaluation.
 {¶ 3} A sexual classification hearing was held on March 31, 2006. At the hearing, the state called one witness, Michael Caso, to testify. Mr. Caso is the chief social worker at the psychiatric clinic for the Cuyahoga County Court of Common Pleas. Caso testified that he interviewed Hardges in connection with the H.B. 180 sexual predator evaluation. Caso stated that Hardges indicated that he had met the victim several days prior to the offense; that Hardges had been using a combination of alcohol and illegal drugs; that after the victim declined consensual sexual activity, Hardges threatened to choke her if she made any noise; that Hardges pulled his pants down and her pants down and sexually penetrated her. At the time of the *Page 3 
offense, the victim was sixteen years old and Hardges was twenty-six. Hardges also had a prior criminal record.
 {¶ 4} Caso also testified that Hardges indicated that during his incarceration he received institutional rule infractions for masturbating in front of a female corrections officer in 2004 and for touching a female corrections officer in 2003. There was also an indication for "making a sexual gesture to staff in 1999 that Hardges denied, and that charge was never pursued.
 {¶ 5} Caso testified that Hardges received a STATIC-99 score of six, indicating a high risk for sexual offender recidivism. On cross-examination, it was revealed that although Caso had found that Hardges had not lived with a lover for at least two years, Hardges was in a long-term relationship and engaged to be married. While Caso admitted that a long-term relationship is a protective factor against sexual offense recidivisim, he indicated that the STATIC-99 states that the offender has to be living with someone for a period of at least two years.
 {¶ 6} Defense counsel also raised an issue as to whether Hardges had completed a treatment program that Caso assumed had not been completed. It appears that Hardges was suspended from the program and was later placed back into the program. It is unclear whether the program was completed. Nonetheless, Caso indicated that Hardges had been kicked out of the program and that the risk factor would not change. *Page 4 
 {¶ 7} Following Caso's testimony, the state argued that it had shown by clear and convincing evidence that Hardges should be found a sexual predator. The state referred to the STATIC-99 score and the facts of the underlying crime. Defense counsel took issue with two of the STATIC-99 factors that would lower Hardges' score from a six to a four, placing him into a lower range. Defense counsel argued that there was no prior sexual offense and that the use of the prison incidents as index offenses was improper. Defense counsel also argued that although Hardges had not lived with a lover for a period of at least two years, he had just been paroled and was involved in a long-term relationship with his fiancée.
 {¶ 8} The trial court found that Hardges was a sexual predator. The court indicated that Hardges was convicted in 1994 of a sexual offense against a sixteen-year-old girl, he had a number of prior convictions as a juvenile and as an adult, he was disciplined during his incarceration for sexual activity and he was suspended from the sexual offenders' program, and prior use of alcohol and drugs was documented throughout his convictions. In its journal entry, the court indicated that it had considered all of the evidence and arguments presented by the parties, and all other relevant factors, including but not limited to the factors listed in R.C. 2950.09(B), and determined by clear and convincing evidence that Hardges was likely to engage in a sexually oriented offense in the future.
 {¶ 9} Hardges filed this appeal, raising two assignments of error for our review. His first assignment of error provides as follows: *Page 5 
 {¶ 10} "I: Donald Hardges has been deprived his right to due process of law by the trial court's order finding him to be a sexual predator, as there was insufficient evidence to prove by clear and convincing evidence that he was likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In this case, Hardges was convicted of attempted rape. Attempted rape is considered a sexually oriented offense. R.C. 2950.01(D)(1)(a). Thus, the primary issue before the trial court was whether Hardges was likely to reoffend in the future. *Page 6 
 {¶ 12} Under his first assignment of error, Hardges challenges whether there was clear and convincing evidence that he was likely to reoffend in the future. Pursuant to R.C. 2950.09(B)(4), a trial court has to determine by clear and convincing evidence that an offender is a sexual predator. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger, 91 Ohio St.3d 158, 165, 2001-Ohio-247, citing Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 13} In reviewing a sexual predator classification, "this court's role is to determine whether the weight of the evidence supports the trial court's decision. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight weight of the evidence." State v.Forbes, Cuyahoga App. No. 87473, 2006-Ohio-5612, quoting State v.Hills, Cuyahoga App. No. 78546, 2002-Ohio-497 (internal citations omitted).
 {¶ 14} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 15} Hardges argues that the state presented insufficient evidence for the court to determine by clear and convincing evidence that he is a sexual predator. Hardges claims that the state failed to present any exhibits such as a certified journal *Page 7 
entry of conviction, a presentence investigation report, a victim statement, or the psychological evaluation. Even in the absence of these exhibits, we find that the record contains clear and convincing evidence to support the trial court's determination.
 {¶ 16} The court's chief social worker, Caso, interviewed Hardges and prepared the H.B. 180 sexual predator evaluation. His uncontroverted testimony revealed the circumstances of the underlying crime, including the age of the victim, and various other factors that placed Hardges at a high risk to reoffend in the future. Caso testified that Hardges conceded to his use of drugs and alcohol, that Hardges received infractions for improper sexual behavior while incarcerated, that Hardges was suspended from a sexual offenders' program, and that Hardges had a past criminal record.
 {¶ 17} Insofar as Hardges challenges the STATIC-99 results, defense counsel had the opportunity to cross-examine Caso about the results, and the trial court considered the testimony as well as other factors in making its determination. Further, the decision to find Hardges to be a sexual predator is not dependant soley on the merits of a psychological report or the results of STATIC-99. This court has previously held that "The STATIC-99 cannot purport to make an individualized assessment of future conduct any more than a life expectancy table can provide a accurate prediction of a particular individual's longevity." State v.Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Thus, even if the results of the test were *Page 8 
discredited, the facts in place surrounding Hardges' prior conduct provide a sufficient basis for the trial court's finding. The best indicator of future conduct is past behavior.
 {¶ 18} Upon the record before us, we find that the trial court's determination was supported by competent, credible evidence. The first assignment of error is overruled.
 {¶ 19} Hardges' second assignment of error provides the following:
 {¶ 20} "II: The trial court erred in determining that appellant was a sexual predator without considering or placing upon the record any of the relevant factors codified at R.C. 2950.09(B)(3)."
 {¶ 21} Under his second assignment of error, Hardges argues that the trial court failed to consider "all of the factors" found in R.C.2950.09(B)(3) in making its determination and that a majority of the relevant factors were not addressed by the court. Hardges also claims that the trial court failed to place the relevant factors that it considered on the record.
 {¶ 22} It is well settled that in making a sexual predator determination, a trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination as to the sexual offender classification.Eppinger, 91 Ohio St.3d at 166. However, a trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear *Page 9 
and convincing evidence. State v. Purser, 153 Ohio App.3d 144, 149,2003-Ohio-3523; see, also, State v. Forbes, supra. Also, the weight to be given the factors is within the trial court's discretion, and the court is permitted to rely upon one factor more than others in making its determination and need not find the evidence submitted supports a majority of the factors. State v. Wells, Butler App. No. 2006-03-064,2007-Ohio-42; State v. Forbes, supra. Furthermore, the court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. Eppinger, 91 Ohio St.3d at 166;State v. Machado, Cuyahoga App. No. 87609, 2006-Ohio-6423.
 {¶ 23} We find that the transcript in this matter reflects the particular evidence upon which the trial court relied in making its adjudication and shows that the trial court considered the factors under R.C. 2950.09(B), as well as other relevant factors, in labeling Hardges a sexual predator. The trial court considered the evidence presented, including the circumstances of the offense, the age of the victim, the fact that Hardges had a number of prior convictions, the infractions received during incarceration, the suspension from the sexual offenders' program, and the prior use of alcohol and drugs. The court indicated that it had considered all of the evidence and arguments presented by the parties, and all other relevant factors, including but not limited to the factors listed in R.C. 2950.09(B). Upon this *Page 10 
record, we conclude the trial court did not err in finding that Hardges was a sexual predator and overrule Hardges' second assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR. *Page 1