JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Tyrone Blanchard, appeals his sentence and sexual predator classification from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} At the time of this incident, Blanchard was admitted to Meridia Huron Hospital in the psychiatric wing. During her daily rounds at the facility, the victim, a mental health worker, noticed Blanchard standing in his doorway. At that time, he exposed himself to the victim. The victim told him to pull up his pants, and Blanchard responded, "No." The victim continued walking down the hallway when Blanchard jumped on the victim from behind, grabbing her breasts and violently trying to remove her clothing. Several staff members intervened, removing Blanchard from the victim, who was on the floor. Blanchard was able to break free and attacked the victim again, punching her in the face.
 {¶ 3} Blanchard was charged with and pled guilty to one count of gross sexual imposition, a felony of the fourth degree, and one count of assault, a first degree misdemeanor. After a sexual predator hearing, the trial court found Blanchard to be a sexual predator. Blanchard was sentenced to a total of fifteen months in prison. Blanchard appeals, advancing two assignments of error for our review. His first assignment of error states the following: *Page 3 
 {¶ 4} "The trial court erred when it found the defendant-appellant to be a sexual predator pursuant to R.C. 2950.09(B) which finding was against the manifest weight of the evidence."
 {¶ 5} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). During a sexual predator hearing, the court shall determine by clear and convincing evidence whether the offender is a sexual predator. State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, citing R.C. 2950.01(E) and 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Id. at 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 6} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual *Page 4 
offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 7} A trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination. Eppinger, 91 Ohio St.3d at 166. However, a trial court is not required to find a specific number of factors under R.C.2950.09(B)(3) before it can adjudicate an offender a sexual predator, so long as its determination is grounded upon clear and convincing evidence. State v. Purser, 153 Ohio App.3d 144, 149, 2003-Ohio-3523. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86, 89.
 {¶ 8} In reviewing a sexual predator classification, this court's role is to determine whether the weight of the evidence supports the trial court's decision. "[A] trial court's determination in a sex-offender-classification hearing must be viewed under the civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence." State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus; see, *Page 5 
also, State v. Forbes, Cuyahoga App. No. 87473, 2006-Ohio-5612,State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497; State v.Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291.
 {¶ 9} Blanchard argues that there was not clear and convincing evidence to substantiate that he was likely to engage in future sex offenses. He argues that he does not have a prior record and that the crime was not sexually motivated; rather, he argues that he was acting out because he wanted to be discharged.
 {¶ 10} In this case, the trial court based its decision on the Static 99 score, which placed Blanchard in the high risk category for recidivism. In addition, the trial court considered the fact that Blanchard had been previously charged with sexual imposition but was found incompetent to stand trial and unrestorable. The court stated that "he has done this act before, * * *. I think his past conduct indicates that he does not understand the seriousness of the offense or, you know, the effect of the offenses on the victims here * * *." We find that the trial court's decision is supported by some competent, credible evidence. Accordingly, Blanchard's first assignment of error is overruled.
 {¶ 11} Blanchard's second assignment of error states the following:
 {¶ 12} "The trial court erred when it sentenced the defendant to a prison term of fifteen months on the charge of gross sexual imposition, a felony of the fourth degree pursuant to the post-[State] v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, O.R.C. 2929." *Page 6 
 {¶ 13} Under this assignment of error, Blanchard argues that due process precludes the retroactive application of Foster's remedial provisions to his case. Following this court's decision in State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, we find that Blanchard had notice of the sentencing range at the time he committed the offenses and the sentencing range was the same when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Blanchard's due process rights or the ex post facto principles contained therein. Accordingly, Blanchard's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P. J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1