[Cite as *State v. Andrews*, 2015-Ohio-4683.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102728

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GREGORY ANDREWS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-584616-A

**BEFORE:** Keough, J., Celebrezze, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEY   FOR APPELLANT**

Jerome M. Emoff
Dworken & Bernstein Co., L.P.A.
1468 West Ninth Street
Suite 135
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Denise J. Salerno
        Mary McGrath
        Daniel Van
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Gregory Andrews, appeals from the trial court's decision classifying him as a sexual predator. For the reasons that follow, we affirm.

**{¶2}** In 2014, Andrews was named in a seven-count indictment stemming from the rape of a 13-year-old girl in 1994. He was charged with two counts each of rape and corruption of a minor. He was also charged with one count each of felonious sexual penetration, gross sexual imposition, and kidnapping. All counts contained a three-year firearm specification. In January 2015, Andrews pleaded guilty to one count of rape and was advised that any sex offender registration requirements would be in accordance with Megan's Law.

**{¶3}** Andrews was sentenced to eleven years in prison. At sentencing, the trial court also conducted a sex offender classification hearing. After considering the presentence investigation report, the parties' sentencing memorandums, the victim's impact statement, and the Court Psychiatric Clinic H.B. 180 report, the trial court classified Andrews as a sexual predator. It is from this finding that Andrews appeals, raising a single assignment of error challenging his sexual predator classification.

**{¶4}** Pursuant to former R.C. 2950.01(E), a "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to former R.C. 2950.09(B)(4), a trial court must determine by clear and convincing evidence that an offender is a sexual predator. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and

unequivocal." *State v. Eppinger*, 91 Ohio St.3d 158, 165, 743 N.E.2d 881 (2001), citing *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶5} This court reviews sexual offender classification determinations under a civil manifest-weight-of-the-evidence standard because a sex offender classification under Megan's Law is considered civil in nature. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, syllabus. The civil manifest-weight-of-the-evidence standard "affords the lower court more deference than the criminal standard." *Id*. at ¶ 26. "Thus, a judgment supported by 'some competent, credible evidence going to all the essential elements of the case' must be affirmed." *Id*., quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶6} Former R.C. 2950.09(B)(3) listed ten factors for a court to consider in determining whether a sexual offender is a sexual predator: (1) the offender's age, (2) the offender's criminal record, (3) the age of the victim, (4) the number of victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence; and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) mental health history, (8) the nature of the offender's sexual contact with the victim, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's actions. *See* former R.C. 2950.09(B)(3)(a)-(j).

{¶7} Andrews contends that the applicable factors found in former R.C. 2950.09(B) and the results of the STATIC-99 test are insufficient to establish that he is likely to engage in the future of one or more sexually oriented offenses. We disagree and find that the record contains clear and convincing evidence to support the trial court's determination.

**{¶8}** In this case, the trial court individually considered the factors found in former R.C. 2950.09(B) and the STATIC-99 test results. In fact, the court indicated that it viewed the factors and results in the light most favorable to Andrews by specifically not relying on questionable or unsubstantiated information.

**{¶9}** The STATIC-99 reveals that Andrews's overall age-adjusted score of 6, places him in the "high" risk category. While the test revealed that Andrews is only 14.7% likely to reoffend in five years, this court has previously held that "[t]he STATIC-99 cannot purport to make individualized assessments of future conduct any more than a life expectancy table can provide an accurate prediction of a particular individual's longevity." *State v. Ellison*, 8th Dist. Cuyahoga No. 78256, 2002-Ohio-4024, ¶ 9. Furthermore, the decision to find Andrews to be a sexual predator is not dependent solely on the merits of a psychological report or the results of the STATIC-99; the other factors listed in former R.C. 2950.09(B)(3) must be considered.

**{¶10}** It is well settled that in making a sexual predator determination, a trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination as to the sexual offender classification. *Eppinger*, 91 Ohio St.3d at 166, 2001-Ohio-274, 743 N.E.2d 88. The weight to be given the factors is within the trial court's discretion, and the court is permitted to rely upon one factor more than others in making its determination and need not find the evidence submitted supports a majority of the factors. *State v. Hardges*, 8th Dist. Cuyahoga No. 88126, 2007-Ohio-1158, citing *State v. Wells*, 12th Dist. Butler No. 2006-03-064, 2007-Ohio-42, ¶ 8.

**{¶11}** Here, the transcript reflects the particular evidence upon which the trial court relied in making its adjudication and shows that the trial court considered all the factors under former R.C. 2950.09(B), as well as other relevant factors, in classifying Andrews a sexual predator.

The trial court considered the evidence presented, including the horrendous circumstances of the offense, and that Andrews has a number of prior convictions, including crimes of violence. The court also commented that this was Andrews's second rape conviction, and in this case, he used a firearm to force his 13-year-old unrelated victim to submit to sexual acts. The court particularly noted that although Andrews was convicted of rape previously and was imprisoned for the offense, he did not take the opportunity to participate in or complete any treatment programs.

{¶12} Additionally, the court found that Andrews was not forthcoming with information during his interviews and evaluations, especially about his prior convictions. The court was troubled that Andrews denied having a sexual preference for children, yet his victim in this rape case was 13 years old. Finally, the court took issue that Andrews did not have any recollection of the rape or show any remorse.

{¶13} Based on the record before this court, the trial court's findings are supported by some competent, credible evidence in the record; the sexual predator classification was supported not only by sufficient evidence, but by clear and convincing evidence. Accordingly, Andrews's assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
MARY EILEEN KILBANE, J., CONCUR