DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas which, following a trial to the court, found appellant, James Dula, guilty of breaking and entering, in violation of R.C. 2911.13(B), a felony of the fifth degree. The trial court found that appellant had served a previous prison term, was not amenable to community control, and ordered appellant to serve a term of 11 months in prison, with credit for time served. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On appeal, appellant raises the following assignments of error:
 {¶ 3} "I. Appellant's conviction was against the manifest weight of the evidence because the record does not support his conviction for breaking and entering. The state failed to prove at least one essential element of the crime.
 {¶ 4} "II. The trial court erred in not granting appellant's motion pursuant to Crim.R. 29. The state failed to provide evidence as to the value of the goods, which is an essential element of the crime as charged.
 {¶ 5} "III. Appellant's Sixth Amendment constitutional rights were violated and/or the evidence was legally insufficient to support the trial court's decision to not follow the presumption of community control, and to not sentence appellant at the `shortest term authorized'.
 {¶ 6} "IV. Appellant did not receive effective assistance of counsel, and this prejudicially affected his right to a fair trial."
 {¶ 7} Appellant's first and second assignments of error are related and, therefore, will be considered together. Appellant argues that the state failed to prove beyond a reasonable doubt that he was trespassing on another's property to commit a felony. In particular, appellant asserts that the state failed to establish that he intended to steal $500 or more in building materials from the property. As such, appellant argues that the evidence presented was insufficient to support his conviction, was against the manifest weight of the evidence, and that the trial court erred in denying his Crim.R. 29 motion for acquittal. We disagree.
 {¶ 8} Sergeant Robert Reed, police officer with the village of Holland, testified that on June 11, 2004, he saw a truck backed-up between two houses, one of which was under construction, and saw appellant standing in the incomplete structure. While Reed was turning his vehicle around, appellant took off into the woods behind the house. Reed testified that there were nine sheets of plywood in the back of appellant's truck, one on the ground, and a pile of eighteen near the house. Within minutes of Reed seeing appellant, appellant was apprehended by Officer James Nixon. Appellant had the keys to the truck, which was owned by his wife, in his possession. Appellant notified Reed that he could not get him on a felony, he could only get him for the wood that was in the back of his truck.
 {¶ 9} James Johnson was a builder and owned the property under construction. Johnson testified that on June 11, 2004, the cost of the plywood, which was 7/16" OSB board, was $25 per sheet. No other evidence was offered regarding the value of the sheets of wood. Johnson also testified that appellant's type of vehicle was built for heavy duty.
 {¶ 10} Appellant testified that he had been in the carpenter's union for 27 years and was familiar with the cost of building materials. Because he had been arrested 10 or 15 times for theft, and been in jail several times, appellant testified that he knew that anything under $500 was a misdemeanor and anything over $500 was a felony. As such, appellant testified that "[w]hen I went on that property I was contemplating stealing ten sheets of OSB board to keep it a misdemeanor because I didn't want to get involved in a felony."
 {¶ 11} Crim.R. 29(A) states that a court shall order an entry of judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses. As such, the issue to be determined with respect to a motion for acquittal is whether there was sufficient evidence to support the conviction. Sufficiency of the evidence and manifest weight of the evidence are quantitatively and qualitatively different legal concepts.State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 12} "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. Id. In making this determination, an appellate court must determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge
(1988), 38 Ohio St.3d 56, 59. The court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins
at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. Id.
 {¶ 14} Upon a thorough review of the record, we find that the evidence submitted was sufficient as to all elements of the crime to support a conviction. R.C. 2911.13(B) states that "No person shall trespass on the land or premises of another, with purpose to commit a felony." According to R.C. 2913.02(B)(2), a person is guilty of a felony theft offense if, with purpose to deprive the owner of property, he knowingly obtained or exerted control over property valued at more than $500, without the consent of the owner or person authorized to give consent.
 {¶ 15} Appellant testified that he stole construction materials to sell them for money. Appellant had access to 28 sheets of wood at the construction site. Based on the uncontroverted evidence presented, the value of each sheet was $25, for a total value of $700. Appellant had the means to transport 28 sheets in his heavy-duty pick-up truck. Appellant only had 9 sheets loaded onto his truck, but it is apparent that his thievery was interrupted by the police, since, when he saw the police, he dropped a sheet on the ground between the pile of wood and his truck. Although appellant testified that he did not intend to steal more than a misdemeanor's value of wood, given appellant's criminal history, we find that the trial court was within its discretion to disregard or not believe appellant's testimony.
 {¶ 16} Accordingly, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. As such, we find that the trial court did not abuse its discretion in denying appellant's motion for judgment of acquittal, pursuant to Crim.R. 29. We further find that appellant's conviction was not against the manifest weight of the evidence and that the trier of fact did not lose its way or create a manifest miscarriage of justice. Appellant's first and second assignments of error are therefore found not well-taken.
 {¶ 17} Appellant argues in his third assignment of error that the trial court abused its discretion in sentencing appellant to more than the minimum and by ignoring the presumption of community control. Appellant also argues that the trial court made findings of fact, that were not placed on the record, in violation of his Sixth Amendment constitutional rights and the U.S. Supreme Court's holding in Blakely v. Washington (2004),542 U.S. 296.
 {¶ 18} This case is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, which held several of Ohio's sentencing statutes[1] unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296, and ordered them severed from the Ohio Revised Code. With respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing.Foster at ¶ 103 and ¶ 104.
 {¶ 19} In this case, the trial court did not reference any of the statutes held unconstitutional by Foster. The trial court found that that appellant had previously served a prison term, but that finding was made with respect to R.C. 2929.13(B)(1)(g), which was not found to be unconstitutional by the Ohio Supreme Court. According to Foster, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range. Id. at ¶ 100.
 {¶ 20} Based upon our review of the record, we find that the trial court did not abuse its discretion in sentencing appellant to a period of incarceration greater than the minimum sentence permitted. Appellant's third assignment of error is therefore found not well-taken.
 {¶ 21} Appellant argues in his fourth assignment of error that he was denied the effective assistance of counsel by allowing him to testify at trial. In particular, appellant argues that the trial court was "offended" by appellant's testimony that he was experienced at stealing from job sites and knew that stealing over $500 would make it a felony.
 {¶ 22} In order for counsel's performance to be deemed ineffective, the burden is on appellant to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; State v. Lytle (1976), 48 Ohio St.2d 391, vacated on other grounds (1978), 438 U.S. 910; and Strickland v.Washington (1984), 466 U.S. 668. Hence, to determine whether counsel was ineffective, appellant must show that (1) "counsel's performance was deficient," in that "counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense," in that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland at 687.
 {¶ 23} In Ohio, a properly licensed attorney is presumed competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. Moreover, there is "`a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.'" Bradley, supra at 142, quoting Strickland at 689. Additionally, the effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136,139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart (1988), 57 Ohio App.3d 4, 10. Moreover, reviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners. SeeStrickland at 689. "Debatable trial tactics generally do not constitute a deprivation of effective counsel." State v.Phillips (1995), 74 Ohio St.3d 72, 85, citing, State v.Clayton (1980), 62 Ohio St.2d 45, 49.
 {¶ 24} We find that appellant has failed to establish that trial counsel's performance was deficient. It was appellant's position from his first encounter with the police that he did not intend to steal more than $500 worth of material. Only through appellant's own testimony could this defense be established. The fact that this trial tactic did not prevail does not establish that counsel's performance fell below an objective standard of reasonable representation. Moreover, we find that appellant failed to establish that the result of his trial would have been different had he not testified. See Bradley at paragraph three of the syllabus; and Strickland, supra at 686. Although appellant's testimony did not aid in his defense, the state had already proven the elements of the crime beyond a reasonable doubt before appellant testified in his own behalf. Accordingly, we find appellant's fourth assignment of error not well-taken.
 {¶ 25} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., concur.
[1] Foster holds that the following statutory sections are unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A).