JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Eric Brown, appeals his bench trial conviction for rape, gross sexual imposition, and unlawful restraint. Defendant and the victim had been living together for several years, and the victim's six-year-old daughter lived with them. On the Friday of the incident, defendant watched the victim's daughter until the victim came home from work. The facts after this point are in dispute. Defendant alleged that he gave the victim $50 from his paycheck for her to hold for him until later in the week, to prevent him from spending it too soon. The victim claimed that when he asked her for money to buy drugs she lied and told him that she did not have any money. She testified that he, nevertheless, reached into her pocket, pulled out money, and left with it. Later in the evening, he returned and asked her for more money. She refused to give it him, so he forced her onto the couch and digitally raped her. She stated he told her he would not actually rape her because he did not want evidence left behind that could be used in a rape trial against him.
 {¶ 2} Defendant claimed, on the other hand, that after she refused the first time to give his money to him he went to sleep and nothing more happened.
 {¶ 3} According to the victim, after defendant fell asleep, she packed up a bag of clothing for work, took her daughter, went to Dave's Supermarket, and called the police. The police picked up defendant at their home and took him to Dave's parking lot, where the victim identified him. The victim agreed to go to the hospital, where she indicated to the nurse that although not raped in the traditional sense, she had been digitally penetrated. Because the nurse told her a rape kit examination would not produce any evidence, she refused to submit to one. Defendant was arrested and the case proceeded to trial. After the guilty verdict, the judge informed defendant that the sentence for the rape and gross sexual imposition charges would be merged. Tr. 138. At the sentencing hearing, the court imposed three years on the rape, twelve months on the gross sexual imposition, and time served on the unlawful restraint. The sentences were ordered to be served concurrently.
 {¶ 4} Defendant timely appealed, stating four assignments of error. The first is:
I. THE TRIAL JUDGE COMMITTED ERROR AND VIOLATED THE CONSTITUTIONAL PROHIBITION ON DOUBLE JEOPARDY BY CONVICTING MR. BROWN OF BOTH RAPE AND GROSS SEXUAL IMPOSITION AND IMPOSING SENTENCES FOR BOTH OFFENSES.
 {¶ 5} Defendant contends that he was improperly convicted of both rape and gross sexual imposition in violation of R.C.2941.25. Defendant admits the trial court stated, "* * * because of the one act, which constituted the rape and the gross sexual imposition, that the time will be merged in those particular sentences." Tr. 136. (Emphasis added.) However, the trial court never expressly merged the two convictions.
 {¶ 6} R.C. 2941.25 states:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 7} Whether gross sexual imposition and rape are allied offenses depends upon the circumstances of the crimes. The Ninth Appellate District held:
In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must assess "whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other." (Internal quotations omitted.) State v. Rance (1999),85 Ohio St.3d 632, 638, 1999 Ohio 291, 710 N.E.2d 699. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-39. The burden of establishing that two offenses are allied falls upon the defendant. State v. Douse (Nov. 29, 2001), 8th Dist. No. 79318, 2001 Ohio App. LEXIS 5287. Therefore, we must review the defendant's conduct to determine whether the rape and gross sexual imposition were committed separately, or with separate animus. Rance, 85 Ohio St.3d at 638-39.
State v. Downing, Summit App. No. 22012, 2004-Ohio-5952, ¶49.
In a similar case, this court held that the two crimes were separate: The victim testified that Reid massaged her thighs and vaginal area before moving her underwear aside to allow the act of penetration. According to this testimony, the sexual contact necessary for the gross sexual imposition conviction was completed before the sexual conduct necessary for the rape convictions started. The sexual contact element of the gross sexual imposition offenses was not incidental to the sexual conduct element of the rapes because the rapes could have been committed without the preceding sexual contact. Therefore, we conclude that the trial court should have merged the convictions for kidnapping and rape, but not for the gross sexual imposition.
State v. Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018, ¶ 78.
 {¶ 8} Similarly, in the case at bar, the victim testified that defendant first touched her breast and buttocks and then moved aside her underwear to digitally penetrate her. The gross sexual imposition, the rubbing of her breast and buttocks, was not necessary for completion of the rape, which consisted of the insertion of his finger in her vagina. According to the precedent in this court, the two crimes are not, therefore, allied offenses of similar import. {¶ 9} Because the gross sexual imposition and the rape are not allied offenses of similar import, the trial court did not err in imposing separate sentences for the two offenses. Accordingly, this assignment of error is overruled.
 {¶ 10} For his second assignment of error, defendant states:
II. THE TRIAL COURT'S DETERMINATION OF GUILT ON COUNT TWO IS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THE STATE FAILED TO PROVE, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT AND THE VICTIM WERE NOT SPOUSES.
 {¶ 11} Defendant argues that, because the state never proved beyond a reasonable doubt that he and the victim were not married, it failed to carry its burden of proof of the crime of gross sexual imposition.
 {¶ 12} To find that sufficient evidence exists to support a conviction, this court must determine whether the state's evidence, if accepted as true, would support a conviction. Statev. Martin (1983), 20 Ohio App.3d 172, 175. Sufficiency is a question of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} The lack of a spousal relationship between the offender and the victim is an element that must be proven for a gross sexual imposition conviction. When the state fails to affirmatively ask the victim whether she was the spouse of the offender, however, the trial court is permitted to infer from the testimony or circumstances, if sufficient, that a defendant and his victim are not married. In State v. Patton (Apr. 8, 1992), Hamilton App. No. C-910479, 1992 Ohio App. LEXIS 1837, the court accepted circumstantial evidence that the twelve-year-old victim was not the spouse of the offender, her mother's boyfriend. Id. at *5-6. In State v. Sweeney (Apr. 8, 1982), Cuyahoga App. No. 43823, 1982 Ohio App. LEXIS 15361, the court accepted a police officer's testimony that the victim was single, as was defendant, as sufficient evidence that they were not spouses. Id. at *5-6.
 {¶ 14} Similarly, in the case at bar, the officer who responded to the victim's call from Dave's Supermarket testified that he told the victim to stay where she was "and the officers would go to the house and talk to the boyfriend." Tr. 21. He further testified that when he got to the house, defendant told him that "it was just an argument between him and his girlfriend." Tr. 22. Because of this admission characterizing the nature of their relationship, defendant is incorrect in stating that there was no evidence to support the element requiring that the offender and the victim not be spouses. Additionally, the victim testified that she and defendant had met at church, become friends, begun a romantic relationship, and then moved in together. She testified that after they moved to another apartment, the relationship "really didn't change." Tr. 40.
 {¶ 15} This unrebutted evidence is sufficient to support a finding that defendant and the victim were not spouses. Accordingly, this assignment of error is overruled.
 {¶ 16} For his third assignment of error, defendant states:
III. THE TRIAL COURT'S DETERMINATION OF GUILT ON COUNTS ONE, TWO, AND FOUR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 17} Defendant argues that because the only evidence supporting his conviction for rape, gross sexual imposition, and unlawful restraint is the victim's uncorroborated testimony and his testimony contradicted hers, his conviction on these three counts is against the manifest weight of the evidence.
When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge (1988),38 Ohio St.3d 56, 59, 526 N.E.2d 304. The court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins
at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 20 Ohio B. 215, 485 N.E.2d 717. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. Id.
State v. Dula, Lucas App. No. L-04-1360, 2006-Ohio-1238, ¶13.
 {¶ 18} In the case at bar, defendant correctly observes that his testimony directly contradicts the victim's; however, the victim's testimony is more consistent with the police officer's description of her. The testimony of the police officer who took the victim's statement after the event described her as "shaken" and "highly upset, crying and very emotional." Her demeanor, as she talked to the police, was consistent with that of a rape victim. Defendant claimed that the victim had gone to Dave's Supermarket to buy sausage for breakfast. Her demeanor, however, was not consistent with that of a person shopping for breakfast. Nor has defendant offered any satisfactory explanation as to why the victim might counterfeit such an appearance.
 {¶ 19} Defendant points to the lack of a physical exam or other evidence, as well as the lack of other witnesses. Although, as the victim testified, because of the absence of semen, the victim declined to have a rape kit examination, the medical records from her emergency room visit corroborate the testimony she gave at trial: she told the nurse that defendant had put his fingers into her vagina. Similarly, when defense counsel questioned her concerning her statements to the nurse, she explained that she understood rape to mean "putting his penis in you." Tr. 71. She explained that he had "stuck his fingers inside of me * * *." Tr. 65. Her testimony evidences not a change in her statement of facts, but rather a clarification of her limited understanding of the legal definition of rape.
 {¶ 20} Defendant's testimony, on the other hand, is the only evidence supporting his version of the facts. The remaining witnesses and evidence, however, support the victim's account of what happened. Accordingly, defendant's conviction is not against the manifest weight of the evidence, and this assignment of error is overruled.
 {¶ 21} For his fourth assignment of error, defendant states:
IV. R.C. § 2950.031 VIOLATES THE DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTION [sic]. {¶ 22} Defendant argues that the residence restrictions found in R.C. 2950.031
regarding sexually oriented offenders are unconstitutional as applied to him. The statute reads:
(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexuallyoriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shallestablish a residence or occupy residential premises within onethousand feet of any school premises.
(B) If a person to whom division (A) of this section applies violates division (A) of this section by establishing a residence or occupying residential premises within one thousand feet of any school premises, an owner or lessee of real property that is located within one thousand feet of those school premises, or the prosecuting attorney, village solicitor, city or township director of law, similar chief legal officer of a municipal corporation or township, or official designated as a prosecutor in a municipal corporation that has jurisdiction over the place at which the person establishes the residence or occupies the residential premises in question, has a cause of action for injunctive relief against the person. The plaintiff shall not be required to prove irreparable harm in order to obtain the relief. (Emphasis added.)
 {¶ 23} The state points out that defendant waived this issue by not raising it in the trial court. We agree. "`Failure to raise at the trial court level the issue of the constitutionality of a statute * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" State v. Smith
(1991), 61 Ohio St.3d 284, 293, quoting State v. Awan (1986),22 Ohio St.3d 120, syllabus.
 {¶ 24} The state also correctly notes that "this is not the time to raise the constitutionality of" this particular statute. Appellee's brief at 9. "The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not beeninjured by its alleged unconstitutional provision." Palazzi v.Estate of Gardner (1987), 32 Ohio St.3d 169, syllabus, emphasis added.
 {¶ 25} Defendant is currently in prison. Thus he is not presently seeking to live within a restricted area, nor does he claim to have property rights which are currently affected by the restriction. Because defendant has not demonstrated he is yet injured by the statutory provision he challenges, the issue of the statute's unconstitutionality is not ripe and we are thus prevented from addressing it. Accordingly, this assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and MCMonagle, J., Concur.