JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Raemone Johnson, Sr. ("defendant") appeals the judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we believe the trial court's conclusion was supported by clear and convincing evidence and therefore affirm.
 {¶ 2} On June 12, 2006, defendant pled guilty to two counts of rape in violation of R.C. 2907.02(A)(2), one count of gross sexual imposition in violation of R.C. 2907.05, and three counts of endangering children in violation of R.C. 2919.22(A). The charges stemmed from a pattern of sexual abuse against his 16-year-old daughter. Defendant was subsequently sentenced to a 17-year term of imprisonment.
 {¶ 3} On July 13, 2006, the trial court conducted a sexual predator hearing. On the same date, the trial court adjudicated defendant a sexual predator. Defendant now appeals and asserts two assignments of error for our review. Assignment of Error I states:
 {¶ 4} "I. Mr. Johnson's right to due process was violated when the trial court found that he was a sexual predator absent clear and convincing evidence that he was likely to engage in future sexually oriented offenses."
 {¶ 5} Pursuant to R.C. 2950.09(B)(4), a trial court must determine by clear and convincing evidence that an offender is a sexual predator. A sexual predator is *Page 3 
an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C.2950.01(E)(1).
 {¶ 6} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 7} A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. State v. Purser (2003), 153 Ohio App.3d 144, 149. Furthermore, the court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. State v.Eppinger (2001), 91 Ohio St.3d 158, 166. *Page 4 
 {¶ 8} Here, in adjudicating the defendant a sexual predator, the trial court systematically addressed the enumerated factors in R.C.2950.09(B)(2) and made the following findings:
 {¶ 9} a) The defendant was 38 years of age at the time of trial;
 {¶ 10} b) The defendant has a prior criminal record;
 {¶ 11} c) The victim of the sexually oriented offense for which sentence was imposed was between the ages of 7 to 16, over a nine-year period, at the time of the crimes;
 {¶ 12} d) The sexually oriented offense for which the sentence was imposed did not involve multiple victims. However, there was a father-daughter relationship between the offender and the victim;
 {¶ 13} e) The defendant used alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 14} g) The defendant has no substantial history of mental illness. Dr. Aronoff's report indicates a low potential for reoffending;
 {¶ 15} h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included hand contact with breasts and genitals, oral rape, fellatio, and vaginal intercourse. In considering the allegations of the minor victim, the defendant's sexual actions were a part of a demonstrated pattern of abuse; *Page 5 
 {¶ 16} i) The nature of the defendant's actions during the commission of the sexually oriented offense indicated that there was potential for cruelty to this individual. Specifically, defendant threatened to kill himself if the victim told anyone.
 {¶ 17} Additional behavioral characteristics that contributed to the defendant's conduct include the following:
 {¶ 18} 1) This was a relationship between a father and a daughter;
 {¶ 19} 2) At the time of the offense or offenses, the victim was between the ages of seven and sixteen * * * this happened over a period of nine years.
 {¶ 20} 3) There is a pattern of abuse.
 {¶ 21} Defendant argues that, notwithstanding the court's findings, most of the statutory factors weighed against a sexual predator determination. In particular, defendant places great weight on the fact that in the Static-99 report, a series of tests designed to recognize if a child molester is likely to reoffend, he scored in the low-risk-to-reoffend range.
 {¶ 22} A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v. Robertson (2002), 147 Ohio App.3d 94, 101. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id. Indeed, we have consistently held that a "low risk" result from standardized testing does not preclude a sexual predator adjudication. See State v. Purser (2003), 153 Ohio App.3d 144;State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967; State v.Ellison, *Page 6 
Cuyahoga App. No. 78256, 2002-Ohio-4024. Specifically, "the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon." State v. Purser, supra at ¶ 42.
 {¶ 23} Here, we find that there was competent, credible evidence to support the trial court's finding that the State proved by clear and convincing evidence that defendant is a sexual predator. See State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. Although we recognize that some evidence weighs in defendant's favor, this does not imply that the court erred in adjudicating defendant a sexual predator. The court identified all of the factors listed in R.C. 2950 and still concluded that defendant possessed a likely risk to recidivate. Specifically, the trial court noted that this was not an isolated incident, but a pattern of abuse with his natural daughter occurring over an extended period of years. We find that the factors relied upon by the trial court, when taken together, are sufficient to support its conclusion by clear and convincing evidence.
 {¶ 24} Assignment of Error I is overruled.
 {¶ 25} "II. R.C. § 2950.031 violates the due process clauses of the United States and Ohio Constitution."
 {¶ 26} In his second assignment of error, defendant argues that the residence restrictions found in R.C. 2950.031 regarding sexually oriented offenders are unconstitutional as applied to him.
 {¶ 27} R.C. 2950.031 provides as follows: *Page 7 
 {¶ 28} "(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises.
 {¶ 29} "(B) If a person to whom division (A) of this section applies violates division (A) of this section by establishing a residence or occupying residential premises within one thousand feet of any school premises, an owner or lessee of real property that is located within one thousand feet of those school premises, or the prosecuting attorney, village solicitor, city or township director of law, similar chief legal officer of a municipal corporation or township, or official designated as a prosecutor in a municipal corporation that has jurisdiction over the place at which the person establishes the residence or occupies the residential premises in question, has a cause of action for injunctive relief against the person. The plaintiff shall not be required to prove irreparable harm in order to obtain the relief."
 {¶ 30} The State argues that the defendant waived this issue by not raising it in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute * * * constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Smith (1991), 61 Ohio St.3d 284, 293.
 {¶ 31} The State also correctly notes that "this is not the time to raise the constitutionality of this particular statute. This Court has previously held that "the constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." State v. Brown, Cuyahoga App. No. 86577, 2006-Ohio-4584.
 {¶ 32} Here, defendant is currently in prison. Thus, he is not presently seeking to live within a restricted area, nor does he claim to have property rights which are currently affected by the restriction. Ibid. Because defendant has not demonstrated he is yet injured by the statutory provision he challenges, the issue of the statute's unconstitutionality is not ripe and we are thus prevented from addressing it. Id.
 {¶ 33} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 1