{¶ 1} Appellant, Deangelo Bruce, appeals from the judgment of the Cuyahoga County Court of Common Pleas that found him to be a sexual predator and subjected him to the registration requirements and residency restrictions of Chapter 2950 of the revised code. For the reasons stated below, we affirm.
 {¶ 2} On June 25, 1990, appellant was charged with rape and kidnapping. Following a plea agreement, the state amended the charges to delete the age of the victim in two of the counts and nolled the kidnapping charge. Appellant entered pleas of guilty to two counts of rape and was convicted of those offenses. The trial court sentenced appellant to two concurrent prison terms of 10 to 25 years.
 {¶ 3} On November 1, 2006, six weeks before appellant was released on parole, the state filed a request for an H.B. 180 sexual predator adjudication hearing. On January 10, 2007, the trial court referred appellant to the court psychiatric clinic for an evaluation pursuant to R.C. 2950.01.
 {¶ 4} On March 6, 2007, the trial court conducted an H.B. 180 hearing. At the hearing, the state presented the correctional institution records, the presentence investigation report, and the court psychiatric clinic's report. These reports detailed a history of drug and alcohol abuse, a prior criminal record including violent and sexually oriented offenses as a juvenile, a moderate to high risk category for sexual recidivism established by the Static-99 report, a diagnosis of pedophilia and antisocial personality disorder, and an admission by appellant that he sexually *Page 4 
assaulted the five-year-old daughter of a neighbor, the offense for which he was sent to prison.
 {¶ 5} After considering the testimony and evidence presented at the hearing, as well as the arguments of counsel, the court found appellant to be a sexual predator and ordered that he register his residence every 90 days for the rest of his life.
 {¶ 6} Appellant filed an appeal of the court's judgment raising the following single assignment of error for our review:
 {¶ 7} "R.C. ___2950.031 VIOLATES THE DUE PROCESS CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS."
 {¶ 8} R.C. 2950.031 prohibits a person convicted of a sexually-oriented offense from establishing a residence or occupying residential premises within 1,000 feet of any school premises. Appellant asserts that R.C. 2950.031,[1] both facially and as applied to him, violates the substantive component of the due process clause in theFourteenth Amendment of the United States Constitution and in Section16, Article I of the Ohio Constitution as well as the right to privacy guaranteed by Section 1, Article I of the Ohio Constitution. Specifically, appellant asserts that the residency restrictions "operate as a direct restraint on a person's liberty" and "infringe a *Page 5 
citizen's fundamental right to live where they wish" as well as infringing on a person's right to privacy.
 {¶ 9} Appellant, however, failed to raise his constitutional challenge to the residency requirements, or to any of the other statutory requirements or restrictions imposed upon offenders classified as sexual predators, in the trial court. In State v. Awan (1986),22 Ohio St.3d 120, syllabus, the Ohio Supreme Court held as follows: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." The waiver doctrine of Awan has been ruled to be discretionary.In re M.D. (1988), 38 Ohio St.3d 149, syllabus.
 {¶ 10} We decline to exercise our discretion, and find that appellant has waived the issues raised under this assignment of error. Appellant has failed to show that he has suffered any actual deprivation of his property rights by operation of R.C. 2950.031, as there was no evidence presented to show that he owns or resides in property within 1,000 feet of any school premises. Nor had appellant alleged that he was forced to move from an area due to his proximity to a school, or even that he has any intention of moving to a residence within 1,000 feet of a school premises.
 {¶ 11} Appellant's argument is based on an assumption that the residency requirements will eventually affect him. This court and others have previously *Page 6 
applied the doctrine of waiver and declined to address similar challenges where there was a lack of evidence to establish the defendant was injured by the statutory provision. State v. Pierce, Cuyahoga App. No. 88470, 2007-Ohio-3665; State v. Brown, Cuyahoga App. No. 86577,2006-Ohio-4584; State v. Worst, Butler App. No. CA2004-10-270,2005-Ohio-6550.
 {¶ 12} Additionally, we find that appellant lacks standing to raise a constitutional challenge to R.C. 2950.031. "The constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." State v. Brown, Cuyahoga App. No. 86577, 2006-Ohio-4584, quoting Palazzi v. Estate of Gardner (1987),32 Ohio St.3d 169, syllabus. "Likewise, it has been held that a defendant lacks standing to challenge the constitutionality of R.C. 2950.031 where the record fails to show whether the defendant has suffered an actual deprivation of his property rights by operation of R.C. 2950.031."State v. Pierce, supra, citing Coston v. Petro (S.D.Ohio 2005),398 F.Supp.2d 878. Appellant has failed to provide any evidence to demonstrate an injury in fact or an actual deprivation of his property rights or his right to privacy. Neither can he prosecute a facial challenge in order to assert the rights of third parties not before the court. See Coston, 398 F.Supp.2d at 884. Accordingly, appellant lacks standing to raise this assignment of error and it is overruled. *Page 7 
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, PRESIDING JUDGE
ANN DYKE, J., and MARY J. BOYLE, J., CONCUR
[1] This section was amended and renumbered from R.C. 2950.031 to2950.034 by S.B. 10, effective July 1, 2007. *Page 1