JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Charles Amos appeals his conviction and sexual predator classification from the Cuyahoga County Court of Common Pleas. Finding no merit to his appeal, we affirm.
 {¶ 2} At trial, E.B.,[1] the victim, testified that on the morning of January 8, 2006, she was at her house in Cleveland talking on the phone with her cousin. At *Page 3 
approximately 9:30 a.m., the victim heard a knock at the door and her doorbell ring. The victim heard a male voice say, "It's Mark."
 {¶ 3} Mark is the victim's neighbor and is a handyman in the neighborhood. The victim has known him for four or five years. He lives in the abandoned house next door where people go to smoke crack and get high.
 {¶ 4} The victim told her cousin, who was still on the phone, "He is not coming in here sucking up my heat today," but yelled for Mark to come in. The door was unlocked. As the victim walked to the door, she saw Amos, not Mark. The victim knew Amos from her work at Oriana House, a halfway house for people just released from prison. The victim also testified that she knew Amos frequented "Mark's house."
 {¶ 5} When the victim asked Amos why he said he was Mark, Amos replied, "I just wanted to buy you a New Year's drink." The victim declined the offer but allowed Amos to use her bathroom. After Amos exited the bathroom, he asked the victim if he could have a drink. She gave Amos a glass of E J Brandy.
 {¶ 6} When Amos finished his drink, the victim told him that it was time to leave. Amos used the bathroom for a second time. While waiting for Amos to exit the bathroom, the victim heard a "flicking" noise that she believed was the sound of a lighter. The victim said, "I know you aren't doing what I think you are doing." The victim thought Amos was attempting to smoke crack cocaine in her bathroom. Amos exited the bathroom and apologized. *Page 4 
 {¶ 7} The victim was attempting to usher Amos out of her house when he attacked her. Amos yelled at the victim, saying "Come on [E.B.] let's do this, let's do this." Amos was grabbing the victim and pulling on her clothing, "as if [he] wanted to have sex with [her]." The victim testified that they were wrestling around and that Amos was kissing and groping her. The victim testified that while they were wrestling around, her breast came out of her shirt and Amos grabbed it and held on to it. Amos was fighting and pulling the victim toward her bedroom. When Amos got the victim into the bedroom, he sat on the bed and began grabbing the victim around the waist, trying to pull her onto the bed. The victim testified that Amos was sexually aroused. As a result of the struggle, the mattress slid partially off the bed.
 {¶ 8} During the attack, the victim said, "If sex means this much to you, then I will give you some. Let me get a drink." When Amos let her go to get a drink, she ran out of her house and began yelling for Amos to get out. She screamed at Amos that she was going to call the police. Amos left the house.
 {¶ 9} After Amos left, the victim went to the house of Jackie Mizell, her neighbor. He persuaded the victim to call 911 and report the incident to the police. Mizell testified that the victim was very upset, crying, and hysterical. The police responded, but Amos was not located that day.
 {¶ 10} Amos was charged with gross sexual imposition, a felony of the fourth degree; and kidnapping, with a sexual motivation specification, a felony of the first degree. Amos waived a jury, and the trial court found him guilty of both charges. *Page 5 
 {¶ 11} Amos appeals, advancing five assignments of error for our review. His first assignment of error states the following:
 {¶ 12} "The dictates of R.C. 2945.05 were not strictly followed; therefore, the court was without jurisdiction to proceed to trial without a jury."
 {¶ 13} Under this assignment of error, Amos claims that the trial court's journal entry regarding the waiver was not timely filed because it was time stamped a few hours after trial began. In addition, Amos argues that the trial court did not engage him in a colloquy sufficient to determine that a knowing, intelligent, and voluntary waiver was taking place.
 {¶ 14} In State v. Pless, 74 Ohio St.3d 333, 339, 1996-Ohio-102, the Supreme Court of Ohio held "that in a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury."
 {¶ 15} In State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839, we stated: "This Court has held that it is not necessary that the waiver be signed in open court to be valid so long as the trial court engages in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implication of voluntarily *Page 6 
relinquishing a constitutional right." Id., citing State v. Ford, Cuyahoga App. Nos. 79441 and 79442, 2002-Ohio-1100.
 {¶ 16} Finally, in State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136, this court stated that "the critical issue is not whether the filing occurred prior to the start of trial, but whether the filing ever occurred." (Emphasis in original.)
 {¶ 17} The record in this case reflects that Amos signed a jury waiver prior to trial. Before trial began, the trial judge engaged in a colloquy with Amos regarding the waiver he signed. In the waiver, Amos indicated that he voluntarily and knowingly waived and relinquished his right to a jury trial and elected to be tried by a judge. He also indicated that he understood he had a constitutional right to a jury. Amos confirmed in open court that he had signed the waiver and reviewed it with his lawyer. He further indicated he had no questions in reference to the waiver and acknowledged that by signing the waiver he was consenting to having the case tried to the judge. After this discussion, the court accepted the waiver. That same day, the trial court filed the jury waiver with the clerk of courts. The fact that it was not journalized until a few hours later is of no consequence. So long as the waiver was in writing, signed, filed and made part of the record, it is a valid waiver. See, also, State v. Pace, Cuyahoga App. No. 84996, 2005-Ohio-3586; State v. Blair, Cuyahoga App. No. 85880,2005-Ohio-6630; State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223.
 {¶ 18} Accordingly, Amos's first assignment of error is overruled. *Page 7 
 {¶ 19} Amos's second assignment of error states that "The trial court erred in permitting prejudicial other acts testimony into evidence."
 {¶ 20} Under this assignment of error, Amos points to testimony regarding a prior incident between the victim and Amos and argues that this testimony was inadmissible under Evid.R. 404(B). Specifically, the victim testified that Amos had offered her fifty dollars to perform oral sex on her. The victim declined. Also, Amos complains that Mark was allowed to testify to the fact that when he and Amos would get high together, Amos would express his desire to have sex with the victim. The state argues that it was admissible to show intent or motive.
 {¶ 21} As a general rule, evidence that tends to show that the accused has committed other crimes or acts independent of the crime for which he stands trial is not admissible to show that he acted in conformity with his bad character. State v. Valenzona, Cuyahoga App. No. 89099,2007-Ohio-6892; see, also, State v. Woodard, 68 Ohio St.3d 70,1993-Ohio-241. However, Evid.R. 404(B) states that other acts testimony may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Furthermore, R.C. 2945.59 provides the following: "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in *Page 8 
question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 22} In State v. Smith (1992), 84 Ohio App.3d 647, 660, the Second Appellate District, citing 1 Weissenberger, Ohio Evidence (1993), Sections 404.4 and 404.23, stated as follows:
 {¶ 23} "The basic thrust of Evid.R. 404 concerns the propensity rule,which is a basic principle that evidence of a person's character traitis not admissible for the purpose of proving that he acted in conformitywith his character on a particular occasion. It prohibits use ofpropensity to demonstrate actions conforming to the propensity. Itcreates a forbidden inferential pattern, in which character or a traitof it is used to show propensity and to demonstrate therefrom conformingconduct. The policy of the rule is not based on relevance but upon thedanger of prejudice."
 {¶ 24} In this case, the evidence was not offered to show propensity. The evidence was offered to show Amos's motive and his fascination with the victim. Consequently, it was admissible. Amos's second assignment of error is overruled.
 {¶ 25} Amos's third assignment of error states the following:
 {¶ 26} "The trial court's classification of the appellant as a sexual predator violates the Ohio and United States Constitutions and R.C.2950.09 because Mr. Amos was not provided with notice that his sexual predator hearing was to take place at the time of his sentencing." *Page 9 
 {¶ 27} Amos argues that he was not given proper notice of his sexual predator hearing because he was not told orally. The state argues that Amos was given proper notice as evidenced by the journal entries. The state points out that Amos was not told orally because after he was found guilty, he had to be removed from the courtroom because of his outburst.
 {¶ 28} The law in effect at the time of Amos's hearing, R.C.2950.09(B)(2), requires a trial court to give the offender notice of the date, time, and location of the hearing required to determine whether the offender is a sexual predator pursuant to R.C. 2950.09(B)(1)(a). The notice requirement for sexual offender classification hearings is mandatory. State v. Gowdy, 88 Ohio St.3d 387, 399, 2000-Ohio-355. Notice under this statute may be oral or in writing. State v. Crosky, Franklin App. No. 06AP-655, 2008-Ohio-145, citing Gowdy, 88 Ohio St.3d at 398.
 {¶ 29} The record before us supports the state's assertion that Amos was given written notice of the sexual predator hearing. According to the Supreme Court of Ohio, notice may be oral or in writing; therefore, we find that Amos was sufficiently notified of the hearing. Amos's third assignment of error is overruled.
 {¶ 30} Amos's fourth assignment of error states the following:
 {¶ 31} "As held by the Ohio Supreme Court in State v. Thompson, the trial court erred in determining that the appellant was a sexual predator without considering or placing upon the record any of the relevant factors codified at R.C. 2950.09(B)(2)." *Page 10 
 {¶ 32} Under this assignment of error, Amos argues that the record does not mention any of the factors that were considered by the court when Amos was found to be a sexual predator.
 {¶ 33} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). During a sexual predator hearing, the state is required to prove by clear and convincing evidence whether the offender is a sexual predator. State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Id. at 164, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 34} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the *Page 11 
offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3);State v. Shields, Cuyahoga App. No. 85998, 2006-Ohio-1536.
 {¶ 35} A trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination. Eppinger, 91 Ohio St.3d at 166. However, a trial court is not required to find a specific number of factors under R.C.2950.09(B)(3) before it can adjudicate an offender a sexual predator, so long as its determination is grounded upon clear and convincing evidence. State v. Purser, 153 Ohio App.3d 144, 149, 2003-Ohio-3523. Moreover, R.C. 2950.09(B) does not require that each factor be met; it simply requires the trial court to consider those factors that are relevant. State v. Grimes (2001), 143 Ohio App.3d 86, 89,757 N.E.2d 413.
 {¶ 36} In reviewing a sexual predator classification, this court's role is to determine whether the weight of the evidence supports the trial court's decision. "[A] trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent credible evidence."State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus; see also,State v. Forbes, Cuyahoga App. No. 87473, 2006-Ohio-5612; State v.Hills, *Page 12 
Cuyahoga App. No. 78546, 2002-Ohio-497; State v. Cook,83 Ohio St.3d 404, 426, 1998-Ohio-291.
 {¶ 37} Here, the court explained that Amos has a prior criminal record with various offenses. Specifically, the court was concerned with his conviction for aggravated sexual battery of a child under the age of thirteen. In addition, the court took into consideration the fact that Amos knew the victim from Oriana House when Amos was a resident there. The court found that Amos took advantage of their relationship to gain entry into the victim's home and assault her. The court pointed out that had the victim not been able to get away from Amos and run outside, Amos may have raped her. The court found by clear and convincing evidence that Amos would likely engage in a sexually oriented offense in the future.
 {¶ 38} We find that the trial court's finding that Amos is a sexual predator is supported by competent, credible evidence. Accordingly, Amos's fourth assignment of error is overruled.
 {¶ 39} Amos's fifth assignment of error states that "R.C. 2950.031
violates the Due Process Clauses of the United States and Ohio Constitutions."
 {¶ 40} Amos asserts that R.C. 2950.031, both facially and as applied to him, violates the substantive component of the Due Process Clause, as well as his right to privacy guaranteed by Section 1, Article I of the Ohio Constitution. Amos challenges his inability to establish and maintain a residence within 1,000 feet of a school. *Page 13 
 {¶ 41} As the state points out, Amos failed to raise this argument in the trial court. In State v. Awan (1986), 22 Ohio St.3d 120, syllabus, the Ohio Supreme Court held as follows: "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." Nevertheless, it is recognized that the waiver doctrine is discretionary. In re M.D. (1988), 38 Ohio St.3d 149, 151.
 {¶ 42} In this case, we decline to exercise our discretion and find that Amos has waived the issues raised under this assignment of error. Amos's argument is based on an assumption that the residency requirements will eventually affect him. This court and others have previously applied the doctrine of waiver and declined to address similar challenges where there was a lack of evidence to establish the defendant was injured by the statutory provision. State v. Brown, Cuyahoga App. No. 86577, 2006-Ohio-4584; State v. Worst, Butler App. No. CA2004-10-270, 2005-Ohio-6550.
 {¶ 43} We also find that Amos has failed to establish that he has standing to raise these challenges to R.C. 2950.031. It has been held that a defendant lacks standing to challenge the constitutionality of R.C. 2950.031 where the record fails to show whether the defendant has suffered an actual deprivation of his property rights by operation of R.C. 2950.031. Brown, supra; Palazzi v. Estate of Gardner (1987), *Page 14 32 Ohio St.3d 169, syllabus; see, also, Coston v. Petro (S.D. Ohio Nov. 7, 2005), 398 F.Supp.2d 878. Since Amos failed to provide any evidence to demonstrate an injury in fact or an actual deprivation of his property rights, he lacks standing to raise this assignment of error. This conclusion is not altered by the fact that Amos purports to assert a facial challenge to the constitutionality of R.C. 2950.031. SeeCoston, 398 F.Supp.2d at 884.
 {¶ 44} Accordingly, Amos's fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding the non-disclosure of the identity of victims of sexual violence. *Page 1